IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY WARREN,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | **CV-09-RRA-1025-S** |
| ) | |
| **CITY OF BIRMINGHAM, et al.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

### DEFENDANTS SERGEANT DEXTER CUNNINGHAM, SERGEANT FRANK MAJORS, LIEUTENANT GARY FINLEY AND CAPTAIN JAMAL MCCASKEY'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, SUMMARY JUDGMENT

**COMES NOW** Defendants Sergeant Dexter Cunningham, Sergeant Frank Majors, Lieutenant Gary Finley, and Captain Jamal McCaskey ("Defendants"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(c) and 56(b), and respectfully move this Court to grant them judgment on the pleadings or, alternatively, summary judgment as to Plaintiff's Denial of Due Process (Count XIII), Civil Conspiracy (Count IX), and Outrage claims (Count XI) as asserted in Plaintiff's Amended Complaint. In support thereof, Defendants state as follows:

1926586 v1

# I. APPLICABLE LEGAL STANDARD

### A. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that, after the pleadings are closed, a party may move for judgment on the pleadings. "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Atty's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010).

The same standard applicable to Rule 12(b)(6) motions to dismiss applies to Rule 12(c) motions for judgment on the pleadings. *McPhillips v. Blue Cross Blue Shield of Ala.*, No. 2:10cv615-WHA-WC, 2010 WL 3833950, at *1 (M.D. Ala. Sept. 23, 2010). Thus, for a complaint to survive a motion for judgment on the pleadings, the plaintiff must allege factual allegations raising a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. 544.)

### B. Summary Judgment

On summary judgment the Court must view all facts in the light most favorable to the non-moving party. *Blackburn v. Calhoun*, No. 2:07-CV-166, 2008

WL 850191, at *4 (N.D. Ala. March 4, 2008).  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Id.* (quoting Fed. R. Civ. P. 56(c)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Blackburn*, No. 2:07-CV-166, 2008 WL 850191 at *4 (quoting *Cooper v. Southern Co.*, 390 F.3d 695, 723 (11th Cir. 2004)).  On summary judgment, the Court must draw "[a]ll reasonable inferences…in favor of the non-movant.  However, an inference based on speculation and conjectures is not reasonable."  *Chapman v. American Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988) (citing *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985); *Lee v. Celotex*, 764 F.2d 1489 (11th Cir. 1985)).  Some degree of conjecture is inherent in any inference.  *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982) (citing *Helene Curtis Industries Inc. v. Pruitt*, 385 F.2d 841, 851 (5th Cir. 1967), *cert. denied*, 391 U.S. 913 (1968)).  Nevertheless, an inference is not reasonable if the degree of speculation and conjecture renders the inference "a guess or mere possibility."  *Daniels*, at 1326.

## II. <u>STATEMENT OF UNDISPUTED FACTS</u>

The following facts are established by evidence included as part of Defendants Sergeant Dexter Cunningham, Sergeant Frank Majors, Lieutenant Gary Finley, and Captain Jamal McCaskey's Evidentiary Submission in Support of their Motion for Judgment on the Pleadings or, alternatively, Summary Judgment:

1.   Plaintiff Anthony Warren was charged with attempted murder and several misdemeanor offenses arising from a car chase that occurred on January 23, 2008.  (Defendant's Exhibit 1, Deposition of Deborah Danneman, pp. 8-10.)

2.   In January 2009, Jefferson County Deputy District Attorney Deborah Danneman was assigned to prosecute Plaintiff for attempted murder and the related misdemeanor offenses.  (*Id.*)

3.   The attempted murder charge was based on Plaintiff's deliberate attempt to strike a Hoover police officer with his vehicle.  (*Id.*, at 9.)

4.   While preparing to prosecute Plaintiff, Danneman received a DVD (which was a copy of the original VHS tape) of the video recording from Officer Santiago's police car.  (*Id.*, at 10.)  The conclusion of the pursuit of Plaintiff was not depicted on this DVD.  (*Id.*)

5.   About two weeks prior to trial, Danneman experienced difficulty in slowing down events depicted on the DVD for presentation to the jury.  (*Id.*, at 11-12.)

6. Danneman discussed this issue with Sergeant Dexter Cunningham of the Birmingham Police Department, who provided Danneman with a complete VHS copy of the video recording from Officer Santiago's police car and a complete VHS copy of the video recording from Officer Dewitt's police car. (*Id.*, at 12-13.)

7. Danneman took these VHS tapes into her possession on March 5, 2009 and reviewed them. (*Id.*, at 13-14.) Both tapes depicted the conclusion of the pursuit of Plaintiff. (*Id.*, at 12.)

8. Subsequent to Danneman's review of the tapes, she showed them to her supervisor, John Bowers, and together they both reviewed the tapes with Brandon Falls, the District Attorney of Jefferson County, Alabama. (*Id.*, at 14.)

9. Thereafter, Danneman disclosed the existence of the full VHS tape to Plaintiff's criminal defense attorneys, Ken Gomany and Mike Shores. (*Id.*)

10. Mr. Shores informed Ms. Danneman that he would review Officer Santiago's VHS tape on Monday, March 9, 2009, the day Plaintiff's criminal trial was supposed to begin. (*Id.*, at 15.)

11. On Monday, March 9, 2009, before Plaintiff's criminal trial began, Mike Shores, Ken Gomany, and Plaintiff reviewed Officer Santiago's VHS tape, which included the depiction of the rollover of Plaintiff's vehicle and the events which occurred after he was ejected from his vehicle. (*Id.*, at 15-16, 19.)

12. After reviewing the complete VHS tape with his two attorneys, Plaintiff pleaded guilty to the criminal charges against him on Tuesday, March 10, 2009. (*Id.*, at 16.)

## III. ARGUMENT

1. Defendants specifically incorporate their Memorandum in Support of Motion for Judgment on the Pleadings or, alternatively, Summary Judgment, filed contemporaneously with this Motion, further stating as follows.

2. Plaintiff's Denial of Due Process, Civil Conspiracy, and Outrage claims fail as a matter of law as asserted against the Defendants because the Defendants were entitled to qualified immunity from liability arising from their failure to disclose the videotape of Plaintiff's arrest.

3. Plaintiffs have conceded that production of the videotape would constitute a discretionary function. Therefore, the burden shifts to Plaintiff to overcome Defendants' qualified immunity by demonstrating that Defendants' alleged failure to disclose the videotape violated Plaintiff's clearly established constitutional rights. Plaintiffs cannot make this showing.

4. Because Plaintiff pleaded guilty to the criminal charges filed against him, there is a "substantial question of law" whether Defendants were on notice that their failure to disclose the existence of the videotape violated Plaintiff's constitutional rights. Thus, Plaintiff cannot demonstrate that the constitutional

right Defendants allegedly violated by failing to disclose the videotape of his arrest was clearly established at the time Defendants' alleged failure to disclose occurred.

5. Furthermore, the portions of the videotape depicting Plaintiff's arrest cannot be considered exculpatory evidence because they are immaterial to the preceding events that formed the basis of the criminal charges filed against Plaintiff.

6. Finally, undisputed evidence demonstrates that Plaintiff received and reviewed a copy of the videotape depicting his pursuit and arrest with his criminal defense attorneys prior to entering his guilty plea.

WHEREFORE, Defendants Sergeant Dexter Cunningham, Sergeant Frank Majors, Lieutenant Gary Finley, and Captain Jamal McCaskey respectfully move this Court to grant them summary judgment with respect to Plaintiff's Denial of Due Process, Civil Conspiracy, and Outrage claims.

**ORAL ARGUMENT REQUESTED**

Respectfully submitted,

*/s/ Michael K.K. Choy*
Michael K. K. Choy(ASB-5044-Y81M)
Elizabeth B. Shirley (ASB-8958-E56B)
R. Rhett Owens (ASB-9215-A52O)

Attorneys for Defendants Sergeant Dexter Cunningham, Sergeant Frank Majors, Lieutenant Gary Finley, and Captain Jamal McCaskey

**OF COUNSEL:**
BURR & FORMAN, LLP
420 North 20th Street
Wachovia Tower, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed on this the 24th day of June, 2011, via the CM/ECF system, which will send notification of such filing to the following counsel of record:

Wendy Brooks Crew
Sybil Corley Howell
Rita H. Scott
Crew & Howell, P.C.
2001 Park Place North
Suite 500
Birmingham, Alabama 35203

Thomas Bentley, III
James D. Love
thomas.bentley@birminghamal.gov
City of Birmingham-Law Department
City Hall, Room 600
710 North 20th Street
Birmingham, AL 35203

Randy A. Dempsey
Dempsey, Steed, Stewart & Maddox, LLP
1122 22nd Street North
Birmingham, Alabama 35234

Timothy P. Donahue
Donahue & Associates, LLC
1020 22nd Street South
Birmingham, Alabama 35205

Gayle H. Gear
2229 Morris Avenue
Birmingham, Alabama 35203

Theron Stokes
Alabama Education Association
422 Dexter Avenue
P.O. Box 4177
Montgomery, Alabama 36103-4177

Stephen C. Wallace
Dawson & Wallace Law Office
2229 Morris Avenue
Birmingham, Alabama 35203

Glennon F. Threatt, Jr.
Attorney at Law
108 8th Avenue W, Suite F
P.O. Box 186
Birmingham, Alabama 35201

*Michael K.K. Choy*
OF COUNSEL
