IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY WARREN, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| vs. | )   CASE NO. 2:09-cv-1025-JHE |
| | ) |
| CITY OF BIRMINGHAM, ALABAMA, et al. | ) |
| | ) |
|       Defendants | ) |

## MEMORANDUM OPINION

This case comes before the court on the magistrate judge's five reports and recommendations (docs. 166, 167, 168, 169, and 173); the parties' objection to those reports and recommendations (docs. 171, 174, 175, 176, and 179); the magistrate judge's order commenting on the parties' objections to the five reports and recommendations (doc. 181); and the underlying motions for summary judgment of Defendants City of Birmingham, A.C. Roper, Heath Boackle, Thomas Cleveland, Kenneth Prevo, Alvin Fortson, Dexter Cunningham, Frank Majors, Gary Finley, and Jamal McCaskey (docs. 107, 108, 111, 115, 118, 122, and 126). Plaintiff Anthony Warren's civil action against the City of Birmingham, its police officers, and its Chief of Police, and the City of Hoover and one of its police officers arise from a high speed chase that culminated in an alleged assault on Mr. Warren, which was captured on video. Mr. Warren alleges that the Defendants used excessive force in violation of his constitutional rights, among other wrongful conduct, and withheld the video evidence of his assault.

The court has thoroughly reviewed the extensive record in this case and the many briefs

filed by the parties, as well as the magistrate judge's reports and recommendations, objections thereto, and subsequent submissions. Because the magistrate judge issued five separate reports and recommendations, the court will take each in turn.

I.      Alvin Fortson

On January 12, 2012, the magistrate judge entered his report and recommendation as to Defendant Alvin Fortson. (Doc. 166).  The magistrate judge recommended that Fortson's motion for summary judgment as to Count IV for unlawful search and seizure should be denied and that his motion for summary judgment as to Count VII for negligent initiation of a high speed pursuit be granted. Defendant Alvin Fortson filed his objections to the magistrate judge's report and recommendation denying summary judgment on Count VI on January 26, 2012. (Doc. 171). In his order commenting on the objections, the magistrate judge concluded that because of Fortson's inconsistent versions of the evidence, a reasonable jury could find an unlawful search and seizure, and thus the motion for summary judgment as to Count VI should be denied. (Doc. 181, at 11).

After careful consideration of the record involving Fortson and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge.  The court further ACCEPTS the recommendations of the magistrate judge, and, therefore, will GRANT Defendant Fortson's motion for summary judgment on Count VII for negligent initiation of a high speed pursuit and will DENY Defendant Fortson's motion for summary judgment on Count VI for unlawful search and seizure. (Doc. 108).

II.     Kenneth Prevo

On January 17, 2012, the magistrate judge entered his report and recommendation as to Defendant Kenneth Prevo. (Doc. 167).  The magistrate judge first recommended that Prevo's

motion for summary judgment be granted for any claims made against Prevo in his official capacity. The magistrate judge also recommended that the motion for summary judgment as to Count I for excessive force against Prevo in his individual capacity should be denied; the motion for summary judgment as to Count II for assault and battery against Prevo in his individual capacity should be denied; the motion for summary judgment as to Count III for failure to intervene against Prevo in his individual capacity should be granted; the motion for summary judgment as to Count IX for civil conspiracy against Prevo in his individual capacity should be granted; and the motion for summary judgment as to Count XI for outrageous conduct against Prevo in his individual capacity should be denied. On February 7, 2012, Defendant Kenneth Prevo filed his objections to the magistrate judge's report and recommendation arguing that he had not abandoned any argument on the outrage claim and was entitled to qualified and discretionary immunity. (Doc. 175).

In his order commenting on the objections, the magistrate judge concluded that Prevo abandoned any argument on the outrage claim because he did not address Count XI, the outrage claim, in his brief, and that summary judgment was due to be denied. (Doc. 181, at 14). The magistrate judge also concluded that Prevo was not entitled to discretionary immunity because he intentionally kicked Mr. Warren and was not entitled to qualified immunity because a reasonable jury find that a reasonable officer would conclude that kicking Mr. Warren was excessive force under the circumstances. (Doc. 181, at 15).

After careful consideration of the record involving Prevo and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge, and, therefore, will GRANT the motion for summary judgment as to Defendant Prevo on all claims made against

him in his official capacity and on Counts III for failure to intervene and Count IX for outrage made against him in his individual capacity. (Doc. 107). The court will DENY the motion for summary judgment as to Defendant Prevo in his individual capacity on Count I for excessive force, Count II for assault and battery, and Count XI for outrage.

III.     Dexter Cunningham, Frank Majors, Gary Finley, and Jamal McCaskey

On January 19, 2012, the magistrate judge entered his report and recommendation as to Defendants Dexter Cunningham, Frank Majors, Gary Finley, and Jamal McCaskey. (Doc. 168). Mr. Warren brought three claims against this group of defendants based on the alleged suppression of evidence in the criminal prosecution of Mr. Warren: Count VIII for denial of due process; Count IX for civil conspiracy; and Count XI for outrageous conduct. The magistrate judge recommended that the motion for summary judgment be granted for all claims, made in their official and individual capacities under the "law of the case" doctrine. On February 3, 2012, Plaintiff Mr. Warren filed his objections to the magistrate judge's report and recommendation arguing that the report and recommendation did not sufficiently address the Plaintiff's outrage claim. (Doc. 174). In his order commenting on the objections, the magistrate judge concluded that Mr. Warren's outrage claim was sufficiently addressed in his report and recommendation that adopted Judge Proctor's prior opinion on the issue in this case. (Doc. 181, at 11).

After careful consideration of the record involving Cunningham, Majors, Finley, and McCaskey, and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge, and, therefore, will GRANT the motion for summary judgment as to this group of defendants on all claims made against them in both their official and individual capacities. (Doc. 111). The court will ENTER JUDGMENT for Cunningham, Majors, Finley, and

McCaskey and against Mr. Warren and will DISMISS Defendants Cunningham, Majors, Finley, and McCaskey as parties to this case.

IV.     Heath Boackle and Thomas Cleveland

On January 20, 2012, the magistrate judge entered his report and recommendation as to Defendants Heath Boackle and Thomas Cleveland. (Doc. 169). Mr. Warren brought five claims against these two defendants: Count I for excessive force; Count II for assault and battery; Count III for failure to intervene; Count IX for civil conspiracy; and Count XI for outrageous conduct. The magistrate judge first recommended that the motion for summary judgment be granted for any claims made against Boackle and Cleveland in their official capacities. The magistrate judge also recommended that the motion for summary judgment as to Count I for excessive force against Boackle and Cleveland in their individual capacities should be denied; the motion for summary judgment as to Count II for assault and battery against Boackle and Cleveland in their individual capacities should be denied; the motion for summary judgment as to Count III for failure to intervene against Boackle and Cleveland in their individual capacities should be granted; the motion for summary judgment as to Count IX for civil conspiracy against Boackle and Cleveland in their individual capacities should be granted; and the motion for summary judgment as to Count XI for outrageous conduct against Boackle and Cleveland in their individual capacities should be denied.

On February 9, 2012, Heath Boackle filed his objections to the magistrate judge's report and recommendation arguing that he was entitled to qualified and discretionary immunity. (Doc. 176).  Thomas Cleveland did not file any objection to the magistrate judge's report and recommendation. In his order commenting on the objections, the magistrate judge concluded that because Boackle provided no new evidence or legal argument in his objection, his

recommendation was unaffected by the objections. (Doc. 181, at 28).

After careful consideration of the record involving Boackle and Cleveland and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge.  The court further ACCEPTS the recommendations of the magistrate judge, and, therefore, will GRANT the motion for summary judgment as to Defendants Boackle and Cleveland on all claims made against them in their official capacities and on Count III for failure to intervene and Count IX for outrage made against them in their individual capacities. (Docs. 122, 126). The court will DENY the motion for summary judgment as to Defendants Boackle and Cleveland in their individual capacities on Count I for excessive force, Count II for assault and battery, and Count XI for outrage.

VI.     The City of Birmingham and A.C. Roper

On February 2, 2012, the magistrate judge entered his report and recommendation as to Defendants City of Birmingham and Police Chief A.C. Roper. (Doc. 173). Mr. Warren brought eleven claims against the City: Count I for excessive force; Count II for assault and battery; Count III for failure to intervene; Count IV for failure to supervise; Count V for inadequate training; Count VI for unlawful search and seizure under the Fourth and Fourteenth Amendments; Count VII for initiation of a high speed pursuit; Count VIII for denial of due process; Count IX for civil conspiracy; Count X for deliberate indifference; and Count XI for outrage. The magistrate judge recommended that the City's motion for summary judgment be granted as to all claims.[1]  The magistrate judge recommends that Mr. Warren's failure to supervise, inadequate training, and deliberate indifference claims should be dismissed because

---

[1] The magistrate judge found Counts I, II, III, VI, VII, X, and XI abandoned because Mr. Warren made no attempt to argue the merits of those claims against the City. (Doc. 173, at 27).

Mr. Warren did not produce any evidence of a prior incident that establishes the City had a pattern or practice of unlawful conduct or that would put the City on notice of the need for training or discipline of excessive force violations.

Mr. Warren brought seven claims against Roper in both his individual and official capacities: Count III for failure to intervene; Count IV for failure to supervise; Count V for inadequate training; Count VIII for denial of due process; Count IX for civil conspiracy; Count X for deliberate indifference; and Count XI for outrage. The magistrate judge recommended that Roper's motion for summary judgment be granted as to all claims because Roper was entitled to qualified immunity and for the same reasons the City's motion for summary judgment should be granted.[2]

On February 23, 2012, Mr. Warren filed his objection to the magistrate judge's report and recommendation arguing that the report and recommendation "displays a judicial condonation of Birmingham Police Officers' egregious beating of an unarmed and unconscious man while other officers and Supervisors watched." (Doc. 179, at 1). In response, the City of Birmingham and A.C. Roper filed a motion to strike Mr. Warren's objections arguing that Mr. Warren's legal contentions were not warranted by existing law and that his factual contentions lacked evidentiary support. (Doc. 180). On November 16, 2012, the magistrate judge denied the motion to strike and allowed Mr. Warren's objections to remain on the record. In his order commenting on the objections, the magistrate judge concluded that because Mr. Warren did not provide any persuasive new evidence or legal argument in his objection, his recommendation was unaffected by the objections. (Doc. 181, at 41).

---

[2] The magistrate judge found Counts III, IX, and XI abandoned because Mr. Warren made no attempt to argue the merits of those claims against Defendant Roper. (Doc. 173, at 31).

After careful consideration of the record involving the City and Roper and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge, and, therefore, will GRANT the motion for summary judgment as to all claims against the City of Birmingham and A.C. Roper, in his official and individual capacities. (Docs. 115, 118). The court will ENTER JUDGMENT for the City of Birmingham and A.C. Roper and against Mr. Warren, and will DISMISS the City and Roper as parties to this case.

VI.     Remaining Claims

Defendants City of Hoover and Norm McDuffy were dismissed from this case on August 13, 2010, and any claims alleged against those defendants no longer remain before the court. (Doc. 62). Upon entry of the accompanying order, Defendants Dexter Cunningham, Frank Majors, Gary Finley, Jamal McCaskey, A.C. Roper, and the City of Birmingham are no longer parties to this case, and any count alleged against just those defendants no longer remains before the court. Defendants Barrett Dewitt and David Doran did not file motions for summary judgment, and any count alleged against them in their individual and official capacities remains before the court.

The following claims remain before the court: Count I for excessive force against Boackle, Cleveland, Dewitt, Doran, and Prevo in their individual capacities, and Dewitt and Doran in their official capacities; Count II for assault and battery against Boackle, Cleveland, Dewitt, Doran, and Prevo in their individual capacities, and Dewitt and Doran in their official capacities; Count III for failure to intervene against Dewitt and Doran in their official and individual capacities; Count VI for unlawful search and seizure under the Fourth and Fourteenth Amendments against Fortson; Count IX for civil conspiracy against Dewitt and Doran in their

individual and official capacities; and Count XI for outrage against Boackle, Cleveland, Dewitt, Doran, and Prevo in their individual capacities and Dewitt and Doran in their official capacities.

DONE and ORDERED this 31st day of July, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE